## The People of the State of Illinois, Defendant in Error, v. Fred C. Forster, Plaintiff in Error.

### Gen. No. 22,687.    (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed March 12, 1917. Rehearing denied and additional opinion filed March 26, 1917.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Fred C. Forster, defendant, charging the defendant in three counts in the indictment with a conspiracy with one John Edison to cheat and defraud the National Lead Company out of the sum of $506.08, and in three other counts with obtaining money by false pretenses by the practice of a confidence game. From a judgment on conviction under the conspiracy counts and sentence to two years' imprisonment in the penitentiary and fine of $1,000, defendant brings error.

CRUICE & LANGILLE, for plaintiff in error; DANIEL L. CRUICE, of counsel.

MACLAY HOYNE, for defendant in error; ALEXANDER E. ARKIN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CONSPIRACY, § 50*—*when evidence sufficient to sustain charge of to defraud employer.* The testimony of the State *held* sufficient

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to sustain the charge beyond all reasonable doubt, under an indict-
ment charging an employee with conspiring to cheat and defraud
his employer, where the evidence showed, irrespective of an alleged
confession by the defendant, that he had falsely certified to his
employer his receipt of certain goods, whereupon his employer, in
reliance upon the truth of such certification, had paid to defend-
ant's co-conspirator in the indictment a certain sum of money in
payment for such goods which were never received.

2.  CRIMINAL LAW, § 526*—*when errors are harmless.* The record
in a prosecution for conspiracy *held* to disclose no prejudicial error
in the admission or rejection of evidence nor any prejudicial re-
marks of the court or counsel, where the evidence as to defendants
guilt was very convincing.

3.  CRIMINAL LAW, § 491*—*what points and arguments may not
be made in petition for rehearing.* New points and new arguments
are of no avail in a petition for rehearing in a criminal case.